JUDGE JOHN W. DARRAH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAGISTRATE JUDGE ASHMAN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 208 |
| v. ) | |
| ) | Violations: Title 18, United States |
| LORNA A. CLARKE and ) | Code, Sections 2 and 1343 |
| MARLIN MARTINEZ ) | |
| ) | Superseding Indictment |

FILED
APR 1 5 2008 TC
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

COUNT ONE

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

1. At times material to this indictment:

a. Wal-Mart Stores, Inc. ("Wal-Mart") was a Delaware corporation headquartered in Bentonville, Arkansas. Wal-Mart operated more than 4,000 retail stores in the United States.

b. Defendants LORNA A. CLARKE ("CLARKE") and MARLIN MARTINEZ ("MARTINEZ") were employed as full-time Accounting Office Associates at the Wal-Mart store located in Northlake, Illinois. Their responsibilities included preparing deposits, counting cash, and processing checks received in the store's cash office. CLARKE and MARTINEZ were also responsible for transferring cash from the cash office to the appropriate cash register when the register's cash drawer was short of funds.

c. CLARKE and MARTINEZ were also responsible for preparing and submitting a Deposit Summary Report each day and electronically transmitting the report to Wal-Mart's corporate headquarters in Bentonville, Arkansas. This report documented the daily transactions of currency, checks, bank cards, debit cards, and other means of payment to the Northake Wal-Mart.

This report also documented the amount of the daily deposits to be deposited into the Northlake Wal-Mart's local bank account.

  d. Wal-Mart maintained an account at JP Morgan Chase Bank, where deposits from the Northlake store were made.

  2. Beginning in or about October 2006 and continuing thereafter until at least on or about March 13, 2008, at the Northlake, in the Northern District of Illinois, Eastern Division and elsewhere,

> LORNA A. CLARKE and
> MARLIN MARTINEZ,

defendants herein, devised, intended to devise, and participated in a scheme to defraud Wal-Mart of money and property, and to obtain money and property from Wal-Mart by means of materially false and fraudulent pretenses, representations, promises and omissions. This scheme is further described below.

  3. It was part of the scheme that CLARKE and MARTINEZ documented cash purportedly delivered from the cash office of Wal-Mart's Northlake store ("cash office") to a specific cash register (register number 77) within the Wal-Mart store without actually transferring the cash to the register. CLARKE and MARTINEZ then fraudulently took this cash for their personal use and benefit.

  4. It was further part of the scheme that CLARKE and MARTINEZ placed counterfeit or altered checks into the daily deposit at the cash office. The total dollar amount of the counterfeit or altered checks placed into the daily deposit on a specific day would equal the total amount of cash

that CLARKE and MARTINEZ, falsely recorded as cash delivered to register number 77 on that day, but which they had actually taken for their personal use and benefit.

5. It was further part of the scheme that CLARKE and MARTINEZ falsely documented the cash purportedly delivered to register number 77 in a Management Review Report, as required by Wal-Mart procedures.

6. It was further part of the scheme that defendants did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, acts done in furtherance of the scheme and the purpose of those acts, beyond those acts of concealment set forth above.

7. Through the foregoing means, CLARKE and MARTINEZ defrauded Wal-Mart of at least $262,144.80, which proceeds CLARKE and MARTINEZ converted to their personal use and benefit.

8. On or about February 7, 2007, at Northlake, in the Northern District of Illinois, Eastern Division,

                LORNA A. CLARKE and
                MARLIN MARTINEZ,

defendants herein, for the purpose of executing and attempting to execute the above-described scheme, did knowingly cause to be transmitted in interstate commerce from Northlake, Illinois, to Bentonville, Arkansas, by means of wire and radio communications, certain writings, signs, and signals, namely a data transmission through the Internet from a Wal-Mart store in Northlake, Illinois to Wal-Mart's headquarters in Bentonville, Arkansas consisting of a Deposit Summary Report;

In violation of Title 18, United States Code, Sections 1343 and 2.

3

## COUNT TWO

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 7 of Count One of this Indictment as though fully set forth herein.

2. On or about March 31, 2007, at Northlake, in the Northern District of Illinois, Eastern Division,

> LORNA A. CLARKE and
> MARLIN MARTINEZ,

defendants herein, for the purpose of executing and attempting to execute the above-described scheme, did knowingly cause to be transmitted in interstate commerce from Northlake, Illinois, to Bentonville, Arkansas, by means of wire and radio communications, certain writings, signs, and signals, namely a data transmission through the Internet from a Wal-Mart store in Northlake, Illinois to Wal-Mart's headquarters in Bentonville, Arkansas consisting of a Deposit Summary Report;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 7 of Count One of this Indictment as though fully set forth herein.

2. On or about April 16, 2007, at Northlake, in the Northern District of Illinois, Eastern Division,

> LORNA A. CLARKE and
> MARLIN MARTINEZ,

defendants herein, for the purpose of executing and attempting to execute the above-described scheme, did knowingly cause to be transmitted in interstate commerce from Northlake, Illinois, to Bentonville, Arkansas, by means of wire and radio communications, certain writings, signs, and signals, namely a data transmission through the Internet from a Wal-Mart store in Northlake, Illinois to Wal-Mart's headquarters in Bentonville, Arkansas consisting of a Deposit Summary Report;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 7 of Count One of this Indictment as though fully set forth herein.

2.   On or about April 21, 2007, at Northlake, in the Northern District of Illinois, Eastern Division,

LORNA A. CLARKE and
MARLIN MARTINEZ,

defendants herein, for the purpose of executing and attempting to execute the above-described scheme, did knowingly cause to be transmitted in interstate commerce from Northlake, Illinois, to Bentonville, Arkansas, by means of wire and radio communications, certain writings, signs, and signals, namely a data transmission through the Internet from a Wal-Mart store in Northlake, Illinois to Wal-Mart's headquarters in Bentonville, Arkansas consisting of a Deposit Summary Report;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 7 of Count One of this Indictment as though fully set forth herein.

2. On or about June 2, 2007, at Northlake, in the Northern District of Illinois, Eastern Division,

> LORNA A. CLARKE and
> MARLIN MARTINEZ,

defendants herein, for the purpose of executing and attempting to execute the above-described scheme, did knowingly cause to be transmitted in interstate commerce from Northlake, Illinois, to Bentonville, Arkansas, by means of wire and radio communications, certain writings, signs, and signals, namely a data transmission through the Internet from a Wal-Mart store in Northlake, Illinois to Wal-Mart's headquarters in Bentonville, Arkansas consisting of a Deposit Summary Report;

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegations contained in Counts One through Five of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of their violations of Title 18, United States Code, Section 1343, as alleged in the foregoing Indictment,

> LORNA A. CLARKE and
> MARLIN MARTINEZ,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with, a third party;

    (c) Has been placed beyond the jurisdiction of the Court;

    (d) Has been substantially diminished in value; or

    (e) Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY