UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 08 CR 208 |
| v. | Judge John W. Darrah |
| LORNA A. CLARKE and MARLIN MARTINEZ | |

**APPLICATION FOR ORDER TO DISCLOSE
TAX RETURNS AND RETURN INFORMATION**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, makes application to this Court, pursuant

to 26 U.S.C. § 6103(i)(1), for an order directing the Internal Revenue Service to disclose to

Applicant tax returns and return information of:

Marlin Martinez
SSN: XXX-XX-XXXX and

Oscar Armando Martinez
SSN: XXX-XX-XXXX,

which tax returns and return information are described as follows:

(1) Certified copies of all individual and joint income tax returns (Forms 1040), all

schedules attached thereto, and transcripts of all return information, including IMFOLTs and

BMFOLTs; for tax years 2006, 2007, and 2008; and

(2)    For the tax years 2006, 2007, and 2008, copies of any audits, work papers,

revenue agents' transmittal reports, special agents' reports, witness affidavits, statements,

memoranda of interviews, etc., currently held by IRS and any related material which may be developed subsequent to this request, involving the above-named taxpayers.

In support of this application, applicant states as follows:

(1)  There is reasonable cause to believe, based on information believed to be reliable, that violations of Title 18, Section 1343 (wire fraud) have been committed.  Defendant was indicted in this case on April 8, 2008, followed by the Superseding Indictment on April 15, 2008.  The five-count superseding indictment charged the defendant with wire fraud, in violation of Title 18, United States Code Section 1343.  The facts relied upon by the grand jury include:

Defendant was employed as a full-time Accounting Office Associate at the Wal-Mart store located in Northlake, Illinois.  Her responsibilities included preparing deposits, counting cash, and processing checks received in the store's cash office.  During the hours while defendant and co-defendant Lorna Clarke were the only employees working in the cash office, Clarke and the defendant documented cash purportedly delivered from the cash office to a specific cash register (register number 77) within the Wal-Mart store without actually transferring the cash to the register.

Counterfeit or altered checks were placed into the daily deposit at the cash office to conceal the scheme.  The total dollar amount of the counterfeit or altered checks placed into the daily deposit on a specific day equaled the total amount of cash that Clarke and the defendant falsely recorded as cash delivered to register number 77 on that day.

After arrest, Clarke told agents that she engaged in the scheme with the defendant. In addition, from July 2006 to February 2008, over $41,000 in cash was deposited in a bank account owned by the defendant and her husband, who purportedly worked at Veolia Environmental Services.

(2) There is reasonable cause to believe the above-described tax returns and return information are or may be relevant to a matter related to the commission of the above-mentioned violations in that the tax returns and related documents will provide information and leads showing whether, during the relevant tax years, defendant had any legitimate sources of income aside from her employment at Wal-Mart Stores, Inc. or her husband had any legitimate sources of income aside from his employment at Veolia Environmental Services, which may explain or negate any other source of income to explain the bank deposits made by the defendant.

(3) The information sought to be disclosed cannot reasonably be obtained, under the circumstances, from any other source, and is sought exclusively for use in the federal criminal investigation and trial of the above-mentioned violations.

Applicant further states that, in addition to himself,

AUSA Renato Mariotti,
AUSA Edward Siskel, and
Matthew McCloskey, Special Agent, United States Secret Service

are personally and directly engaged in investigating the above-mentioned violations and in preparing the matter for trial.  The information sought herein is solely for use for that

purpose.  No disclosure will be made to any other person except in accordance with the

provisions of 26 U.S.C. § 6103 and 26 C.F.R. 301.6103(i)-1.

Wherefore, applicant requests that this Court enter an order on this application

directing disclosure by the Internal Revenue Service of the tax returns and return information

specified above.


Respectfully submitted,


PATRICK J. FITZGERALD
United States Attorney


By:    *s/ Renato Mariotti*
RENATO MARIOTTI
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 886-7855

Date:  August 8, 2008

4

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned Assistant United States Attorney hereby certifies that the following document:

**APPLICATION FOR ORDER TO DISCLOSE**
**TAX RETURNS AND RETURN INFORMATION**

was served on August 8, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

By:    s/ *Renato Mariotti*
       RENATO MARIOTTI
       Assistant United States Attorneys
       219 South Dearborn
       Chicago, Illinois  60604
       (312) 886-7855

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 08 CR 208 |
| v. | Judge John W. Darrah |
| LORNA A. CLARKE and MARLIN MARTINEZ | |

**ORDER FOR DISCLOSURE OF TAX RETURNS
AND RETURN INFORMATION**

The United States Attorney for the Northern District of Illinois has made an

application for an order, pursuant to 26 U.S.C. § 6103(i)(1), directing the Internal

Revenue Service to disclose tax returns and return information of:

>       Marlin Martinez
>       SSN: XXX-XX-XXXX and
>
>       Oscar Armando Martinez
>       SSN: XXX-XX-XXXX,

which tax returns and return information is described as:

(1)  certified copies of all certified copies of all individual and joint income tax

returns (Forms 1040), all schedules attached thereto, and transcripts of all return

information, including IMFOLTs and BMFOLTs; for tax years 2006, 2007, and 2008;

and

(2)  for the tax years 2006, 2007, and 2008, copies of any audits, work papers,

revenue agents' transmittal reports, special agents' reports, witness affidavits, statements,

memoranda of interviews, etc., currently held by IRS and any related material which may

be developed subsequent to this request, involving the above-named taxpayers.

After examining the application, this Court finds:

(1)  There is reasonable cause to believe, based upon information believed to be

reliable, that violations of federal criminal statutes, namely Title 18, Section 1343 (wire

fraud), have been committed;

(2)  There is reasonable cause to believe that the above-described tax returns and

return information are or may be relevant to a matter related to the commission of the

above-mentioned violations; and

(3) The information sought to be disclosed cannot reasonably be obtained, under

the circumstances, from any other source other than from the defendant, and is sought

exclusively for use in the federal criminal investigation and the trial of the above-

mentioned violations.

The Court further finds that applicant and

AUSA Renato Mariotti,
AUSA Edward Siskel, and
Matthew McCloskey, Special Agent, United States Secret Service

are personally and directly engaged in, and the information sought is solely for their use

in, investigating and, if appropriate, preparing for trial concerning the above-mentioned

violations.

IT IS THEREFORE ORDERED that the Internal Revenue Service:

(1) Disclose such tax returns and return information as described as certified copies of all individual and joint income tax returns (Forms 1040), as well as all schedules attached thereto; transcripts of all return information, including IMFOLTs and BMFOLT, for tax years 2006, 2007, and 2008; and (b) for the tax years 2006, 2007, and 2008, copies of any audits, work papers, revenue agents' transmittal reports, special agents' reports, witness affidavits, statements, memoranda of interviews, etc., currently held by IRS and any related material which may be developed subsequent to this request, involving the above-named taxpayers.

(2)   Certify where tax returns and return information described above have not been filed or are not on file with the Internal Revenue Service that no such returns and information have been filed or on file;

(3)   Disclose such tax returns and tax return information described above as may come into possession of the Internal Revenue Service subsequent to the date of this order, but not for longer than 30 days thereafter;

(4)  Disclose such tax returns and tax return information and make such certification only to applicant and

> AUSA Renato Mariotti
> AUSA Edward Siskel, and
> Matthew McCloskey, Special Agent, United States Secret Service

> and to no other person; and

(5) Disclose no tax returns or tax return information not described above.

> IT IS FURTHER ORDERED that applicant and

AUSA Renato Mariotti,
AUSA Edward Siskel, and
Matthew McCloskey, Special Agent, United States Secret Service

and any attorney of the United States Department of Justice who may be subsequently

assigned in this matter, shall use the tax returns and tax return information disclosed

solely in investigating the above-mentioned violations, and such other violations of the

federal criminal code, as, although presently unknown, are discovered in the course of

this investigation, and, if appropriate, preparing the matter for trial.  No disclosure shall

be made to any other person except in accordance with the provisions of 26 U.S.C. §

6103 and 26 C.F.R. 301.6103(i)-1.


_____
Judge John W. Darrah


Dated: _____